JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Timothy Moore and Jean Moore,

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mitthew J. Bilker of Eckell Sparks - 300 W. State St., Suite 300, Media, PA 19063  610-565-3700

## DEFENDANTS

Combe Incorporated

County of Residence of First Listed Defendant   White Plains, New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Molly C. Reilly of Reilly McDevitt & Henrich - One South Penn Sq., Suite 410, Philadelphia, PA 19107, 215-972-5200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1441

Brief description of cause:
Plaintiffs allege injury from exposure to hair dye

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
January 25, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Molly C. Reilly

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1).Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 801 Crestview Drive, Springfield, PA 19064

Address of Defendant: 1101 Westchester Avenue, White Plains, NY 10604

Place of Accident, Incident or Transacti **Delaware County, PA**

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case, ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/25/2022 _____   313713
_____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Timothy Moore and Jean Moore<br>v.<br>Combe Incorporated and<br>CVS Health Corporation | :<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO.   2:22-cv-00320 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 1/25/2022 | Molly C. Reilly | Combe Incorporated |
| **Date** | **Attorney-at-law** | **Attorney for** Defendant |
| 215-972-5200 | 215-972-0405 | mreilly@rmh-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TIMOTHY MOORE and JEAN MOORE,

          Plaintiffs,                Civil Action No.:  2:22-cv-00320

     v.

COMBE INCORPORATED and CVS
HEATLH CORPORATION,

          Defendants.

## <u>NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL</u>

**TO:**

**ECKELL, SPARKS, LEVY, AUERBACH, MONTE,**
**SLOANE, MATTHEWS & AUSLANDER, P.C.**
Matthew J. Bilker
800 W. State Street, Suite 300
Media, Pennsylvania 19063
(610) 565-3700
(610) 565-1596 Facsimile
<u>mbilker@eckellsparks.com</u>

*Attorney for Plaintiffs*

       PLEASE TAKE NOTICE that Defendant Combe Incorporated hereby certifies that on January 25, 2022, it provided notice to Plaintiffs of the removal of this cause from the Delaware County Court of Common Please, Delaware County, Pennsylvania, to this Court, and that all pleadings regarding the removal were served upon Plaintiff.  This notice is being provided pursuant to 28 U.S.C. § 1446(d).

Date:      January 25, 2022          Respectfully submitted by:

                                     REILLY McDEVITT & HENRICH, P.C.

                                     By: */s/ Molly C. Reilly*

Molly C. Reilly
One South Penn Sq., Suite 410
Philadelphia, Pennsylvania 19107
(215) 972-5200
(215) 972-0405 Facsimile
mreilly@rmh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2022, my office served copies of the foregoing Notice

of Filing Notice of Removal To Plaintiffs upon the following by e-mail:

**ECKELL, SPARKS, LEVY, AUERBACH, MONTE,**
**SLOANE, MATTHEWS & AUSLANDER, P.C.**
Matthew J. Bilker
800 W. State Street, Suite 300
Media, Pennsylvania 19063
(610) 565-3700
(610) 565-1596 Facsimile
mbilker@eckellsparks.com

*Attorney for Plaintiffs*

REILLY McDEVITT & HENRICH, P.C.

By: /s/ *Molly C. Reilly*
Molly C. Reilly
One South Penn Sq., Suite 410
Philadelphia, Pennsylvania 19107
(215) 972-5200
(215) 972-0405 Facsimile
mreilly@rmh-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TIMOTHY MOORE and JEAN MOORE,**
**h/w**
801 Crestview Drive
Springfield, PA 19064

          Plaintiffs,

vs.

**COMBE INCORPORATED**
1101 Westchester Avenue
White Plains, New York 10604

and

**CVS HEALTH CORPORATION**
One CVS Drive
Woonsocket, Rhode Island, 02895

          Defendants.

CASE NO. ___  2:22-cv-00320

Removed from the Court of Common
Pleas of Delaware County, Pennsylvania

**JURY TRIAL DEMANDED**

### NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that Combe, Incorporated ("Combe") by and through its undersigned counsel, hereby removes this action pursuant to 28 U.S.C. § 1441 from the Delaware County, Pennsylvania Court of Common Pleas, Case No. CV-2022-000401 ("State Court Action") to the United States District Court for the Eastern District of Pennsylvania. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties hereto and because the amount in controversy exceeds $75,000. As grounds for removal, Combe respectfully states as follows:

### GROUNDS FOR REMOVAL

      1.    On or about January 20, 2022, Plaintiffs Timothy Moore and Jean Moore ("Plaintiffs") filed this personal injury lawsuit against Combe and CVS Health Corporation

("CVS"), collectively "Defendants," alleging negligence, strict liability, breach of warranty, and loss of consortium counts arising from alleged exposure to Just for Men hair dye, which was produced by Combe and sold by CVS. (Compl. ¶¶ 8-30). Plaintiff Timothy Moore alleges he has suffered "serious and permanent injuries, including, but not limited to: vitiligo; skin depigmentation and/or hypopigmentation; pain and suffering; mental anguish; physical distress; inconvenience; embarrassment; humiliation; disfigurement; and, a loss of life's pleasures, some or all of which may be permanent." (*Id.* at ¶ 42). Plaintiff Jean Moore, Timothy Moore's wife, alleges loss of consortium. (*Id.* at ¶ 64-67). True and correct copies of Plaintiffs' Complaint in the State Court Action are attached hereto as **Exhibit A** and are incorporated herein by reference.

2.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Combe has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## I.      COMBE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      Plaintiffs filed their Complaint on or about January 20, 2022. Because this Notice of Removal is being filed within 30 days of Combe's receipt of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

4.      Upon information and belief, no defendant to the State Court Action has been served by Plaintiffs,[1] and therefore, Combe is not required to obtain the consent of any co-defendant for removal.

5.      Pursuant to 28 U.S.C. § 1441(a) and 1446(a), venue is proper in the Eastern District of Pennsylvania, because the State Court Action was pending in the Court of Common

---

[1] As of the date of the filing of this Notice of Removal, no return of service has been filed in the State Court Action docket indicating that any defendant has been served.

Pleas of Delaware County, Pennsylvania, and this Court is therefore the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 118(a).

6.      No further proceedings have been had in this action.

7.      No previous application has been made for this requested relief.

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiffs' Complaint is attached as **Exhibit A**. No process, pleadings, or orders have yet been served upon Combe in this matter.

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Delaware County Court of Common Pleas.

## II.     **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(b).**

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A.     **There is Complete Diversity of Citizenship.**

1.      Plaintiffs allege that they are citizens of Pennsylvania.  (Compl. ¶ 1).

2.      Combe is now, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in White Plains, New York.  (Compl. ¶ 2).

3.      Upon information and belief, CVS is a Rhode Island Corporation with its principal place of business in Woonsocket, Rhode Island.  (Compl. ¶ 5).

4.      Accordingly, there is complete diversity between Plaintiffs and all defendants under 28 U.S.C. § 1332(a) because no defendant is a resident of the same state as either Plaintiff.

### B.     **The Amount in Controversy Requirement is Satisfied.**

5.      Plaintiffs' Complaint seeks damages for Timothy Moore "in an amount in excess of Fifty Thousand Dollars ($50,000)." (Compl. ¶¶ 45, 56, 63). Plaintiffs' Complaint seeks damages for Jean Moore "in an amount in excess of Fifty Thousand Dollars ($50,000)." (Compl. ¶ 67). Plaintiff's Complaint alleges that as a result of defendants' alleged conduct, he has suffered "serious and permanent injuries, including, but not limited to: vitiligo; skin depigmentation and/or hypopigmentation; pain and suffering; mental anguish; physical distress; inconvenience; embarrassment; humiliation; disfigurement; and, a loss of life's pleasures, some or all of which may be permanent." (*Id.* at ¶ 42).

6.      It is obvious from a common-sense reading of the complaint that Plaintiffs are alleging damages in excess of $75,000. Each Plaintiff seeks damages "in excess of Fifty Thousand Dollars ($50,000), and Plaintiff Timothy Moore seeks economic and non-economic damages for "serious and permanent injuries" and "disfigurements that he sustained to his scalp and body, and for which he may continue to require future medical care and treatment." (Compl. at ¶¶ 42, 45). Accordingly, the amount in controversy is satisfied here, rendering this matter properly removable pursuant to 28 U.S.C. § 1332 and 1441(b).

7.      Therefore, because Plaintiffs are not citizens of the same state as Combe or any other co-defendant, and because the amount in controversy, exclusive of interest and costs exceeds the sum of $75,000, this action may be removed to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(a).

WHEREFORE, Defendant Combe, Incorporated respectfully gives notices that this action is hereby removed from the Delaware County Court of Common Pleas, Case No. CV-2022-000401, to the United States District Court for the Eastern District of Pennsylvania.

Dated: January 25, 2022

Respectfully submitted by:

REILLY McDEVITT & HENRICH, P.C.

By: /s/ *Molly C. Reilly*
      One South Penn Sq., Suite 410
      Philadelphia, Pennsylvania 19107
      (215) 972-5200
      (215) 972-0405 Facsimile
      mreilly@rmh-law.com

      *Attorneys for Defendant*
      *Combe Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of January, 2022, a copy of the foregoing was filed via the Court's ECF system and served upon counsel of record:

Matthew J. Bilker, Esq.
ECKELL, SPARKS, LEVY, AUERBACH, MONTE
SLOANE, MATTHEWS, & AUSLANDER, P.C.
300 W. State Street, Ste. 300
Media, PA 19063
(610) 565-3700 (phone)
(610) 565-1596 (fax)
mbilker@eckellsparks.com

*Attorneys for Plaintiffs*

REILLY McDEVITT & HENRICH, P.C.

/s/ *Molly C. Reilly*
One South Penn Sq., Suite 410
Philadelphia, Pennsylvania 19107
(215) 972-5200
(215) 972-0405 Facsimile
mreilly@rmh-law.com

*Attorneys for Defendant*
*Combe Incorporated*

# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Delaware _____ County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Timothy Moore | Combe Incorporated |

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes   ☒ No       **Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney:  Matthew J. Bilker, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

ECKELL, SPARKS, LEVY, AUERBACH, MONTE,
SLOANE, MATTHEWS, & AUSLANDER, P.C.
BY: MATTHEW J. BILKER, ESQUIRE
PA I.D. No.: 311284
300 W. State Street, Ste. 300
Media, PA 19063
(610) 565-3700 (phone)
(610) 565-1596 (fax)
mbilker@eckellsparks.com                    ATTORNEY FOR PLAINTIFFS

---

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MOORE and JEAN MOORE, h/w<br>801 Crestview Drive<br>Springfield, PA 19064<br><br>          *Plaintiffs*<br><br>    vs.<br><br>COMBE INCORPORATED<br>1101 Westchester Avenue<br>White Plains, New York 10604<br><br>    and<br><br>CVS HEALTH CORPORATION<br>One CVS Drive<br>Woonsocket, Rhode Island, 02895<br>          *Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION—LAW<br>:<br>:  No.: CV-2022-<br>:<br>:<br>:<br>:<br>:<br>: |

---

NOTICE

You have been sued in court. If you wish to defend against the claims set forth against you in the following pages, you must take action within 20 days after this Complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court, without further notice, for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYERS' REFERRAL SERVICE
Delaware County Bar Association
335 W. Front Street
Media, PA 19063
(610) 566-6625

[1391923/1]                              1

ECKELL, SPARKS, LEVY, AUERBACH, MONTE,
SLOANE, MATTHEWS, & AUSLANDER, P.C.
BY: MATTHEW J. BILKER, ESQUIRE
PA I.D. No.: 311284
300 W. State Street, Ste. 300
Media, PA 19063
(610) 565-3700 (phone)
(610) 565-1596 (fax)
mbilker@eckellsparks.com

ATTORNEY FOR PLAINTIFFS

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MOORE and JEAN MOORE, h/w<br>801 Crestview Drive<br>Springfield, PA 19064 | : | |
| *Plaintiffs* | : | |
| vs. | : | |
| COMBE INCORPORATED<br>1101 Westchester Avenue<br>White Plains, New York 10604 | : | CIVIL ACTION—LAW |
| and | : | No.: CV-2022- |
| CVS HEALTH CORPORATION<br>One CVS Drive<br>Woonsocket, Rhode Island, 02895 | : | |
| *Defendants* | : | |

## COMPLAINT

1. Plaintiffs, Timothy Moore and Jean Moore, husband and wife, are adult individuals who reside at 801 Crestview Drive, Springfield, PA 19064

[1389915/1]                                              1

2.     Defendant, Combe Incorporated ("Defendant, Combe"), is a corporation or other business entity incorporated and/or otherwise organized under the laws of the State of Delaware, which maintains its principal place of business and/or corporate nerve center at 1101 Westchester Avenue, White Plains, New York, 10604, and is authorized to transact—and regularly does transact—business in the Commonwealth of Pennsylvania.

3. At all times material and relevant to the allegations in this Complaint, Defendant, Combe—whether itself or through a wholly-owned and controlled subsidiary, department, and/or division—marketed, distributed, and/or sold hair dye(s), tint(s) and/or other chemical(s), including Just For Men hair care and dye products, to individual and commercial consumers, including but not limited to, Plaintiff, Timothy Moore and/or CVS Health Corporation in Delaware County, Pennsylvania, specifically.

4. At all times material and relevant to the allegations in this Complaint, Defendant, Combe, acted and/or failed to act individually and by and/or through its officers, executives, directors, representatives, subsidiaries, divisions, departments, affiliated

entities, technicians, employees, servants, workers, ostensible agents, representatives and/or duly authorized agents.

5. Defendant, CVS Health Corporation ("Defendant, CVS"), is a Rhode Island corporation with headquarters at One CVS Drive, Woonsocket, Rhode Island, 02895.

6. At all times material and relevant to the allegations in this Complaint, Defendant, CVS—whether itself or through a wholly-owned and controlled subsidiary, department, and/or division—marketed, distributed, and/or sold hair dye(s), tint(s) and/or other chemical(s), including Just For Men hair care and dye products, to individuals, including but not limited to,  Plaintiff, Timothy Moore, in Delaware County, Pennsylvania, specifically.

7. At all times material and relevant to the allegations in this Complaint, Defendant, CVS, acted and/or failed to act individually and by and/or through its officers, executives, directors, representatives, subsidiaries, divisions, departments, affiliated entities, technicians, employees, servants, workers, ostensible agents, representatives and/or duly authorized agents.

FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Defendant, Combe, markets Just For Men hair dyes ("Just For Men") for application to hair on the scalp, moustache, and beard, with the intent of improving and/or altering hair and facial hair color.

9. Just For Men products contain multiple ingredients, including a chemical known as p-phenylenediamine ("PPD").

10.   When PPD comes in contact with the skin, there are certain known health risks, including irritation, soreness, redness, itching, and burning, as well as allergic reactions.

11. In 2017, Plaintiff, Timothy Moore, began using Just for Men products to reduce the greying of his hair.

12. Plaintiff, Timothy Moore, would purchase the Just For Men products from Defendant, CVS at various locations throughout Delaware County, Pennsylvania, which Defendant regularly sold Just For Men products in its retail stores.

13. From 2017 through 2020, Plaintiff, Timothy Moore, began noticing the patches of vitiligo and/or skin depigmentation spread across his scalp and his body.

14. During the aforementioned time, Plaintiff, Timothy Moore, treated with doctors and dermatologists in attempt to deduce the cause

of the widespread vitiligo across his body, with no success.

15. From 2017 through 2020, Plaintiff, Timothy Moore, used Just For Men dyes approximately 50-75 times to reduce greying color in his hair.

16. In October of 2020, Plaintiff, Timothy Moore, determined to electronically order Just For Men dyes from the website of Defendant, CVS, due to the COVID-19 pandemic.

17. During the ordering process, the website for Defendant, CVS, contained a warning involving Just For Men hair dyes being associated with vitiligo and/or skin depigmentation.

18. It is believed, and therefore averred, that the Just For Men products that Plaintiff, Timothy Moore, was using contained PPD and/or other allergens that caused and/or greatly exacerbated the vitiligo and skin conditions that Plaintiff, Timothy Moore, sustained.

19. It is believed, and therefore averred, that Defendant, Combe, failed to adequately warn against the negative effects and risks associated with Just For Men products, including the risks associated with vitiligo and/or skin depigmentation.

20.  It is believed, and therefore averred, that Defendant, Combe,

omitted, concealed and/or inadequately provided critical safety information and instructions involving the use of Just For Men Products to consumers.

21.   It is believed, and therefore averred, that Defendant, Combe, knew, or should have known, that the use of Just For Men created an increased risk of injury, including, but not limited to, vitiligo and/or skin depigmentation.

22.   The Environmental Protection Agency lists several connections between PPD and severe acute and chronic health conditions, including, but not limited to, vitiligo.

23.   It is believed, and therefore averred, that Defendant, Combe, knew, or should have known, that certain chemicals contained in Just For Men products, including, but not limited to PPD, created an increased risk of injury, including, but not limited to, vitiligo and/or skin depigmentation.

24.   At no point during the time where Plaintiff, Timothy Moore, used Just For Men products, did Defendant, Combe, adequately and/or properly warn consumers on the product labels, inserts or marketing materials that PPD in Just For Men products can cause vitiligo and/or

skin depigmentation.

25. The skin patch test in the instructions for Just For Men usage is not designed to detect if a user will suffer from vitiligo or skin depigmentation from either isolated or consistent usage.

26. It is believed, and therefore averred, that Defendant, Combe, knew or should have known that the skin patch test was not sufficient in determining whether a user would have vitiligo and/or skin depigmentation following the isolated or consistent usage of Just For Men.

27. Defendant, CVS, knew or should have known of the high number of injuries related to Just For men products, including lawsuits that have been filed, products complaints, correspondence with Defendant, Combe, and product reviews.

28. It is believed, and therefore averred, that Defendant, CVS, knew or should have known that Just For Men products were dangerous and could cause a number of injuries, including, but not limited to, vitiligo and/or skin depigmentation.

29. Neither Plaintiff, Timothy Moore, nor any of his medical providers, suggested or learned that the Just For Men products were

the cause of his vitiligo, until October of 2020.

30. It is believed, and therefore averred, that the vitiligo experienced by Plaintiff, Timothy Moore, is permanent:

Continuing skin dicoloration and patching on Plaintiff, Timothy Moore's, head and body

 

## COUNT I—NEGLIGENCE

### TIMOTHY MOORE v. COMBE INCORPORATED AND CVS HEALTH CORPORATION

31.   Plaintiffs incorporate by reference paragraphs one through 30, as though fully set forth at length.

32.   Defendants designed, manufactured, and/or sold hair dyes, tints, and/other chemicals individual consumers for the purpose, intent, use, application, and/or placement of those dyes, tints, and/other chemicals on an individual's hair in order to change and/or alter hair color, shade, tint, and/or appearance.

33.   At all times material and relevant to the allegations in this Complaint, it is believed, and therefore averred, that Defendants designed, manufactured, created, mixed, compounded, combined, marketed, and/or sold the dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair.

34.   Prior to 2017 when Plaintiff, Timothy Moore began using Just For Men products, Defendants knew, were aware of, appreciated, believed, suspected, and/or should have known, been aware of, appreciated, believed, and/or suspected, that the hair dye(s), tint(s) and/or other chemical(s) placed, applied, and/or used on Plaintiff, Timothy Moore's hair, that it had designed, manufactured, created, mixed, combined, marketed, and/or sold, contained caustic, corrosive, irritating, and/or dangerous chemicals, compounds and/or other

ingredients, including but not limited to PPD, which caused, contributed to, and/or had a high potential for causing and/or contributing to, vitiligo, chemical burns, hypopigmentation, skin damage, and/or scalp and disfigurement.

35.   Prior to 2017 when Plaintiff, Timothy Moore began using Just For Men products, Defendants knew, were aware of, appreciated, believed, suspected, and/or should have known, been aware of, appreciated, believed, and/or suspected, that the hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's hair, that it had designed, manufactured, and/or sold, were unreasonably dangerous and/or unsafe to individuals and/or consumers.

36.   Prior to 2017 when Plaintiff, Timothy Moore began using Just For Men products, Defendants knew, were aware, appreciated, believed, suspected, and/or should have known, been aware, appreciated, believed, and/or suspected, of the likelihood that the hair dye(s), tint(s) and/or other chemical(s) it designed, manufactured, and/or sold would or could easily harm, disfigure, and/or otherwise injure foreseeable end-users of those products.

37.  In designing and/or manufacturing the Just For Men hair dyes, tints, and/or other chemicals, applied, placed, and/or used on Plaintiff, Timothy Moore's hair, Defendants knew, understood, and/or appreciated, and/or should have known, understood, and/or appreciated, the importance and necessity of not designing, manufacturing, creating, marketing, mixing, combining, and/or selling them for use on an individual's scalp and/or facial hair, when those dye(s), tint(s), or other chemical(s) had a likelihood of causing vitiligo, scalp irritation, chemical burns, hypopigmentation, skin damage, and/or disfigurement, when applied to the scalp.

38.  At all times material and relevant to the allegations in this Complaint, Defendants—having undertaken the design, creation, manufacture, combination, marketing, and/or sale of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair—had a duty to exercise ordinary and/or reasonable care in the design, manufacture, testing, mixing, compounding, marketing, distribution, advertising, and/or sale of those hair dye(s), tint(s) and/or other chemical(s), to ensure that it / they were reasonably safe for its / their intended and/or reasonably foreseeable uses and/or misuses.

39.   At all times material and relevant to the allegations in this Complaint, Defendants knew and/or reasonably should have known that the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair, presented an unreasonable risk of injury to individuals such as Plaintiff, Timothy Moore, whom Defendants knew and/or reasonably should have expected would be subject to the risk of injury, harm, and/or disfigurement by the hair dye(s), tint(s) and/or other chemical(s).

40.   At all times material and relevant to the allegations in this Complaint, Defendants knew and/or should have known that the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair, should have designed, manufactured, and/or created, to the fullest extent possible, without the use and/or inclusion of caustic, corrosive, irritating, and/or dangerous chemicals, compounds and/or other ingredients, so as to avoid, minimize, and/or prevent unreasonable risk of injury, harm, and/or disfigurement to foreseeable end-users and/or consumers such as Plaintiff, Timothy Moore.

41.   At all times material and relevant to the allegations in this Complaint, the negligent and/or careless acts, omissions, and/or

wrongdoing of Defendants consisted of, but were not limited to, the following:

(a). Failing to exercise reasonable care in the design, manufacturing, marketing, promoting, compounding, creation, distribution, sale, and/or supply of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair;

(b). Designing, manufacturing, marketing, promoting, compounding, creating, distributing, selling, and/or supplying the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair in a defective and/or unreasonably dangerous condition, in that the hair dye(s), tint(s) and/or other chemical(s) did not contain and/or were not made with chemicals, compounds, and/or other ingredients necessary to make it safe for its intended use(s);

(c). Designing, manufacturing, marketing, promoting, compounding, creating, distributing, selling, and/or supplying the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair in a defective and/or unreasonably dangerous condition, in that the hair dye(s), tint(s) and/or other chemical(s) contained and/or were made with chemicals, compounds, and/or other ingredients making it unsafe for its intended use(s);

(d). Failing and/or refusing to exercise reasonable care in designing, manufacturing, marketing, promoting, compounding, creating, distributing, selling and/or supplying the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair;

(e). Failing and/or refusing to adequately, competently, properly, and/or safely assess the dangers, hazards, and/or risks of injury associated with the foreseeable and intended uses and/or reasonably foreseeable misuses of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair;

(f). Failing and/or refusing to design, manufacture, market, promote, compound, create, distribute, sell and/or supply the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair in compliance with applicable industry and/or safety standards;

(g). Failing and/or refusing to eliminate—to the fullest extent possible—the known, suspected, and/or appreciated risks of injury associated with the intended and/or reasonably foreseeable uses of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair; and

(h). Any and all such other negligent and/or careless acts and/or omissions that may be revealed in the course of litigation and/or discovery.

42.   As a direct and/or proximate result of the negligent and/or careless acts and/or omissions of Defendants, as alleged above, Plaintiff, Timothy Moore, sustained serious and permanent injuries, including, but not limited to: vitiligo; skin depigmentation and/or hypopigmentation; pain and suffering; mental anguish; physical distress; inconvenience; embarrassment; humiliation; disfigurement; and, a loss of life's pleasures, some or all of which may be permanent.

43.  As a further direct and proximate cause of the negligent and/or careless acts and/or omissions of Defendants as alleged above, Plaintiff, Timothy Moore, has been forced to receive and undergo medical treatment and care from his physicians, and has incurred medical expenses and/or other financial losses, the value of which he is entitled to recover.

44.  In the alternative, the negligent and/or careless acts and/or omissions of Defendants as alleged above, increased the risk that Plaintiff, Timothy Moore, would sustain the injuries and damages he did in fact suffer, as identified above.

45.  Plaintiff, Timothy Moore, believes, and therefore avers, that the injuries and disfigurements that he sustained to his scalp and body, and for which he may continue to require future medical care and treatment, are permanent.

**WHEREFORE**, Plaintiff, Timothy Moore, respectfully requests for this Court to enter judgment in his favor and against Defendant, Combe Incorporated, and Defendant, CVS Health Corporation, individually, jointly, and/or severally with the other named Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000), together with interest, costs of suit, delay damages, and any and all other relief

this Court deems necessary, appropriate, and/or just. Plaintiff demands a jury trial.

## COUNT II—STRICT LIABILITY
### Timothy Moore v. Combe Incorporated

46. Plaintiffs incorporate by reference paragraphs one through 45, as though fully set forth at length.

47. At all times material and relevant to the allegations in this Complaint, Defendants were regularly engaged in the business of designing, manufacturing, distributing, introducing into the stream of commerce and/or selling of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair.

48. At all times material and relevant to the allegations in this Complaint, it is believed, and therefore averred, that there no substantial change occurred to the condition, composition, and/or mixture of the Just For Men hair dye(s), tint(s) and/or other chemical(s) from the time it / they were manufactured, combined, compounded, created, mixed, introduced into the stream of commerce and/or sold by

Defendants, to when it / they were applied, placed, and/or used on Plaintiff, Timothy Moore's, hair.

49.   Defendants designed, manufactured, and/or sold the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair in a defective, and/or unreasonably dangerous condition in that the Just For Men hair dye(s), tint(s) and/or other chemical(s) contained caustic, corrosive, irritating, and/or dangerous chemicals, compounds and/or other ingredients, which caused, contributed to, and/or had a high potential for causing and/or contributing to, vitiligo, scalp irritation, chemical burns, skin depigmentation and/or hypopigmentation, skin damage, and/or scalp disfigurement.

50.   The defective and/or unreasonably dangerous condition of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair was a factual cause of his injuries and damages.

51.   Defendants were—and are— product suppliers within the meaning of § 402A of the Restatement (2nd) of Torts of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair.

52.   Under Pennsylvania product liability law, Defendants are thus strictly liable for all the injuries and damages suffered by Plaintiff, Timothy Moore, by the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on his head and/or chin areas.

53.   Defendants are strictly liable to Plaintiff, Timothy Moore, in that at the time the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on his head was / were manufactured, developed, mixed, created, and/or combined, a technologically and/or economically feasible, practical, and/or reasonable alternative design, composition, make-up, and/or mixture existed that would have eliminated to the fullest extent possible the foreseeable risk of grave injury without impairing the functionality of the product, and the omission of the alternative designed rendered the Just For Men product unreasonably unsafe.

54.   In the alternative, the defective and unreasonably unsafe condition of the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore, as manufactured, made, designed, mixed, compounded, created, introduced into the stream of commerce and/or sold by Defendants increased the risk that Plaintiff, Timothy Moore, would suffer and

sustain the injuries and damages that he did, in fact, suffer and sustain.

55.   Further, Defendants were—and are— aware that the Just For Men products were not rendered safe through its instructions.

56. Defendants failed to provide sufficient warnings to consumers, including Plaintiff, Timothy Moore, of the significant risks associated with the use of the product, including, but not limited to, vitiligo and/or skin depigmentation.

**WHEREFORE,** Plaintiff, Timothy Moore, respectfully requests for this Court to enter judgment in his favor and against Defendant, Combe Incorporated, and Defendant, CVS Health Corporation, individually, jointly, and/or severally with the other named Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000), together with interest, costs of suit, delay damages, and any and all other relief this Court deems necessary, appropriate, and/or just. Plaintiff demands a jury trial.

## COUNT III—BREACH OF WARRANTY
### TIMOTHY MOORE V. COMBE INCORPORATED

57.   Plaintiffs incorporate by reference paragraphs one through 56, as though fully set forth at length.

58.    In designing, manufacturing, distributing, and/or introducing into the stream of commerce the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore, Defendant, Combe, expressly and/or impliedly warranted that it / they was / were merchantable, fit, and/or safe for the ordinary, intended, and particular use(s) and/or purpose(s) for which it / they was / were supplied, and that it / they was / were free from defects.

59.    It is believed, and therefore averred, that prior to marketing, selling, and/or distributing, the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore, Defendant, Combe, expressly and/or in some other manner represented warranties that it / they was / were effective, proper, fit, and/or safe for its / their intended and foreseeable purpose and/or use, and that it / they was / were of merchantable quality.

60.    Those expressed and/or implied representations and/or warranties formed part of the bargain for selling and/or distributing the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore's, hair, and were

reasonably relied upon—and intended to be reasonably relied upon—by end-users of the product(s).

61.   It is believed, and therefore averred, however, that those express and/or implied representations and/or warranties were false, materially misleading, and/or materially incomplete.

62.   Defendant, Combe, breached expressed and/or implied warranties in that the Just For Men hair dye(s), tint(s) and/or other chemical(s) applied, placed, and/or used on Plaintiff, Timothy Moore, was / were not fit and/or safe for the ordinary and particular purpose(s) for which it / they was / were supplied, marketed, sold, and/or distributed, was / were in fact defective, and those breaches directly caused the injuries and damages to Plaintiff, Timothy Moore.

63.   In the alternative, the express and/or implied warranty breaches by Defendant, Combe, identified above increased the risk that Plaintiff, Timothy Moore, would suffer and sustain the injuries and damages he did, in fact, suffer and sustain.

**WHEREFORE**, Plaintiff, Timothy Moore, respectfully requests for this Court to enter judgment in his favor and against Defendant, Combe Incorporated, individually, jointly, and/or severally with the other named Defendants, in an amount in excess of Fifty Thousand

Dollars ($50,000), together with interest, costs of suit, delay damages, and any and all other relief this Court deems necessary, appropriate, and/or just. Plaintiff demands a jury trial.

## COUNT IV—LOSS OF CONSORTIUM
### JEAN MOORE v. COMBE INCORPORATED

64.  Plaintiffs incorporate by reference paragraphs one through 63, as though fully set forth at length.

65.  At all times material and relevant to the allegations in this Complaint, Plaintiff, Jean Moore, was the wife of Plaintiff, Timothy Moore.

66.  As a direct and proximate cause of the negligent and/or careless acts and/or omissions of Defendant, Combe, Plaintiff, Jean Moore, has been deprived of the assistance, comfort, society, and/or consortium of her husband, Plaintiff, Timothy Moore, her husband, all to her great detriment and loss.

67.  As a direct and proximate cause of the negligent and/or careless acts and/or omissions of Defendant, Combe, Plaintiff, Jean Moore, has been obligated to expend various sums of money and incur various expenses, will be obligated to continue to spend such sums, and/or will incur such expenditures for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Jean Moore, respectfully requests for this Court to enter judgment in her favor individually, jointly, and/or severally, against Defendant, Combe Incorporated, in an amount in excess of Fifty Thousand Dollars ($50,000), together with interest, costs of suit, delay damages, and any and all other relief this Court deems necessary, appropriate, and/or just.

Respectfully Submitted,

By: /s/ Matthew J. Bilker, ESQUIRE
PA I.D. No. 311284

**ECKELL, SPARKS, LEVY, AUERBACH, MONTE, SLOANE, MATTHEWS & AUSLANDER, P.C.**
**300 W. State Street., Ste. 300**
**Media, PA 19063**
**610-565-3700 (phone)**
**610-565-1596 (fax)**
**mbilker@eckellsparks.com**
*Attorney for Plaintiffs*

**Dated: 1/20/2022**

## VERIFICATION

I, Timothy Moore, do hereby verify that the foregoing statements made within the document attached herein are true and correct to the best of my knowledge, information and belief and that this statement is made subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

_____
Timothy Moore

Dated:

Copying Prohibited

[1391129/1]